UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

BUFFETS, INC.,

        Plaintiff,

v.

OLD TOWN BUFFET RESTAURANT, INC.,

        Defendants.

------------------------------------------------------------x

Civil Action No. 07 CIV 7209

JURY TRIAL DEMAND

## COMPLAINT

The Plaintiff, Buffets, Inc., by way of its Complaint against Defendant, Old Town Buffet Restaurant, Inc., alleges as follows:

### THE PARTIES

1. Plaintiff Buffets, Inc., is a Minnesota corporation having a principal place of business at 1460 Buffet Way, Eagan, Minnesota 55121 (hereinafter "Buffets" or "Plaintiff").

2. Upon information and belief, Defendant Old Town Buffet Restaurant, Inc., is a New York business corporation having a place of business at Newburgh Towne Center, 1431 Route 300, Store #6, Newburgh, New York 12550 (hereinafter "Defendant").

### NATURE OF THE ACTION

3. This is an action by Buffets for trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125, and the common law and statutes of the state of New York. As set forth below, Buffets is the exclusive owner of the federally registered service marks OLD COUNTRY BUFFET and HOMETOWN BUFFET used in connection with

restaurant services. Without Buffets' permission, Defendant is operating a restaurant in Newburgh, New York, under the name OLD TOWN BUFFET approximately a dozen miles from Buffets' HOMETOWN BUFFET restaurant in Wappingers Falls, New York. Defendant's unauthorized use of the OLD TOWN BUFFET name – which is confusingly similar to Buffets' OLD COUNTRY BUFFET and HOMETOWN BUFFET service marks – is causing consumer confusion in the marketplace to the detriment of Buffets. Defendant is being unjustly enriched by its unauthorized and infringing conduct while Buffets' and its business reputation are being damaged.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction under 28 U.S.C. § 1367 over claims under New York law.

5.  The Court has personal jurisdiction over the Defendant based upon the fact that Defendant conducts business in New York, and based upon the fact that Defendant has caused injury or property damage within New York.

6.  Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) because Defendant is doing business in New York and acts of infringement have taken place in New York.

## FACTS

7.  Buffets is a leading restaurant chain in the United States. Together with its affiliated companies, Buffets operates over 600 restaurants across the United States, including fifteen restaurants in New York. Buffets has continuously used the service mark OLD COUNTRY BUFFET for restaurant services since at least as early as 1984. Buffets and/or its

2

predecessor in interest have continuously used the HOMETOWN BUFFET service mark for restaurant services since at least as early as 1991. Today, Buffets operates over 160 restaurants under the OLD COUNTRY BUFFET brand, thirteen of which are located in New York. Buffets also operates over 140 HOMETOWN BUFFET restaurants, two of which are located in New York, and one of which is just miles from Defendant's restaurant.

8.  In addition to its common law rights in the OLD COUNTRY BUFFET and HOMETOWN BUFFET service marks, Buffets owns six incontestable registrations for its OLD COUNTRY BUFFET mark and two registrations for its HOMETOWN BUFFET mark, all in connection with restaurant services, including the following:

- Incontestable Registration No. 1,343,558 for the mark OLD COUNTRY BUFFET, registered June 18, 1985;
- Incontestable Registration No. 1,423,419 for the mark OLD COUNTRY BUFFET (Stylized), registered December 30, 1986;
- Incontestable Registration No. 2,048,119 for the mark OLD COUNTRY BUFFET (Stylized), registered March 25, 1997;
- Incontestable Registration No. 2,051,196 for the mark OLD COUNTRY BUFFET and Design, registered April 8, 1997;
- Incontestable Registration No. 2,051,197 for the mark OLD COUNTRY BUFFET and Design, registered April 8, 1997;
- Incontestable Registration No. 2,149,716 for the mark OLD COUNTRY BUFFET and Design, registered April 7, 1998;
- Registration No. 2,617,451 for the mark HOMETOWN BUFFET, registered September 10, 2002; and

- Registration No. 2,861,377 for the mark HOMETOWN BUFFET and Design, registered July 6, 2004.

True and correct copies of these registrations are attached hereto as Exhibit 1. Buffets' registrations of its OLD COUNTRY BUFFET and HOMETOWN BUFFET service marks are valid and subsisting on the Principal Register of the United States Patent and Trademark Office.

9.  In July of 1993, Buffets opened its first OLD COUNTRY BUFFET restaurant in New York. In August 1994, Buffets opened a HOMETOWN BUFFET restaurant in the Wappingers Plaza Shopping Center in Wappingers Falls, New York—just thirteen miles from where Defendant's OLD TOWN BUFFET restaurant now stands. Buffets also operates one additional HOMETOWN BUFFET restaurant and thirteen OLD COUNTRY BUFFET restaurants throughout the state of New York. Upon information and belief, each of Buffets' New York-based OLD COUNTRY BUFFET and HOMETOWN BUFFET restaurants opened long before Defendant began using the OLD TOWN BUFFET name and service mark.

10. The OLD COUNTRY BUFFET and the HOMETOWN BUFFET marks are distinctive, well known, and famous. As a result of Buffets' long-term use and widespread promotion of the OLD COUNTRY BUFFET and HOMETOWN BUFFET marks and the restaurant services offered thereunder, the consuming public, including the consuming public in New York, widely associates the OLD COUNTRY BUFFET and HOMETOWN BUFFET brands with Buffets' restaurant services. As such, the OLD COUNTRY BUFFET and HOMETOWN BUFFET marks serve to identify Buffets' restaurant services to the consuming public and to distinguish Buffets' services from those offered by others.

## **DEFENDANT'S INFRINGEMENT AND UNFAIR COMPETITION**

11.     Upon information and belief, in approximately August 2006, long after Buffets had established rights in the OLD COUNTRY BUFFET and HOMETOWN BUFFET marks, Defendant began operating a restaurant under the service mark OLD TOWN BUFFET. Defendant opened its restaurant at 1431 Route 300 in Newburgh, New York, just thirteen miles from Buffets' HOMETOWN BUFFET restaurant in Wappingers Falls.

12.     Defendant began use of the OLD TOWN BUFFET mark in connection with restaurant services twenty-two years after Buffets first used the OLD COUNTRY BUFFET mark, twenty-one years after Buffets gained nationwide rights in the OLD COUNTRY BUFFET mark by virtue of Registration No. 1,343,558, thirteen years after Buffets opened its first OLD COUNTRY BUFFET® restaurant in New York, fifteen years after Buffets first used the HOMETOWN BUFFET mark, twelve years after Buffets opened the HOMETOWN BUFFET® restaurant in Wappingers Falls, and nearly five years after Buffets gained nationwide rights in the HOMETOWN BUFFET mark by virtue of Registration No. 2,617,451. As such, Buffets' has priority over Defendant.

13.     By using the OLD TOWN BUFFET designation to identify Defendant's restaurant, Defendant is trading on and usurping the considerable goodwill associated with the OLD COUNTRY BUFFET and HOMETOWN BUFFET marks, and is creating a likelihood of confusion as to the source of Defendant's services and/or as to an affiliation or association between Buffets and Defendant.

14.     Due to the close proximity of Defendant's restaurant to Buffets' HOMETOWN BUFFET® restaurant in Wappingers Falls, and the existence of Buffets' fourteen other New

5

York locations, upon information and belief, Defendant had actual knowledge of Buffets' service mark rights prior to Defendant's adopting the OLD TOWN BUFFET mark.

15.  Defendant had constructive notice of Buffets' prior service mark rights in its OLD COUNTRY BUFFET and HOMETOWN BUFFET marks by virtue of 15 U.S.C. § 1072.

16.  Defendant uses the OLD TOWN BUFFET name and mark in a similar type style and color to those used by Buffets with its OLD COUNTRY BUFFET and HOMETOWN BUFFET marks. Upon information and belief, Defendant has made a calculated effort to copy Buffets to capitalize on the goodwill associated with Buffets' well-known and famous OLD COUNTRY BUFFET and HOMETOWN BUFFET brands. Upon information and belief, Defendant is willfully infringing Buffets' service mark rights.

17.  On June 8, 2007, counsel for Buffets sent a letter to Defendant notifying Defendant of Buffets' longstanding rights in the OLD COUNTRY BUFFET and HOMETOWN BUFFET service marks and insisted that Defendant discontinue all use of the confusingly similar OLD TOWN BUFFET name and mark. To date, Defendant has not responded substantively to Buffets' concerns or taken any action to rectify its infringing conduct.

18.  Defendant's use of the OLD TOWN BUFFET name in connection with its restaurant is causing actual consumer confusion as to the source of Defendant's services and/or as to an affiliation between Buffets and Defendant. After reports of health code violations at Defendant's restaurant, Buffets' HOMETOWN BUFFET restaurant in Wappingers Falls received inquiries from consumers asking what Buffets was doing to remedy violations at its Newburgh location (which is the location of Defendant's restaurant). Moreover, since the health code violation reports, Buffets has suffered a more than ten percent decline of business at the HOMETOWN BUFFET restaurant in Wappingers Falls. As such, Defendant's infringing

conduct is causing substantial damage to Buffets' hard earned and well-deserved reputation for quality.

19. Despite Defendant's knowledge of Buffets' service mark rights and the actual consumer confusion being caused by its infringement, and despite Buffets' express objections to Defendant's unlawful activities, Defendant has refused to discontinue using the infringing OLD TOWN BUFFET name and mark and continues to intentionally capitalize on the goodwill associated with the OLD COUNTRY BUFFET and HOMETOWN BUFFET marks to the detriment of Buffets.

20. Defendant's unlawful activities have resulted in unjust enrichment to Defendant and serious, irreparable harm to Buffets. If Defendant's unlawful activities are not enjoined, Defendant will continue to be unjustly enriched and will continue to irreparably harm Buffets. Buffets has no adequate remedy at law.

## COUNT I
### (Federal Trademark Infringement)

21. Buffets restates and realleges paragraphs 1 through 20 of this Complaint.

22. Plaintiff is the owner of the federal service mark registrations set forth in Paragraph 8 above.

23. Defendant's unauthorized use of the OLD TOWN BUFFET mark is likely to cause, and indeed has caused, confusion, mistake, or deception as to the source of Defendant's services, as to an affiliation or connection between Buffets and Defendant, and/or as to Buffets' sponsorship or approval of Defendant's services.

24. Defendant's unauthorized use of the OLD TOWN BUFFET mark in connection with restaurant services constitutes a commercial use in interstate commerce.

25. Defendant's use of the OLD TOWN BUFFET mark constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26. Defendant's unlawful acts have been committed with constructive and actual knowledge of Buffets' rights in its OLD COUNTRY BUFFET and HOMETOWN BUFFET service marks. On information and belief, Defendant's unlawful acts have been committed willfully, with the intention to cause confusion, mistake, and deception.

27. Defendant's unlawful acts have caused Buffets irreparable harm, and will continue to irreparably harm Buffets unless enjoined.

28. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Buffets. Defendant's unlawful actions have caused Buffets monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT II
### (Federal Unfair Competition)

29. Buffets restates and realleges paragraphs 1-28 of this Complaint.

30. Buffets is the owner of the common law rights in the marks that are the subject of the registrations set forth in Paragraph 8 above.

31. The acts of Defendant complained of herein are likely to cause, and indeed have caused, confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Buffets, or as to the origin, sponsorship, or approval of Defendant's services by Buffets.

32. Defendant's unauthorized use of the OLD TOWN BUFFET mark in connection with restaurant services constitutes a commercial use in interstate commerce.

33. Defendant's actions constitute unfair competition, false designation of origin, palming off, and false description or representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's unlawful acts have caused Buffets irreparable harm, and will continue to irreparably harm Buffets unless enjoined.

35. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Buffets. Defendant's unlawful actions have caused Buffets monetary damage in an amount presently unknown, but in an amount to be determined at trial.

### COUNT III
(Trademark Infringement and Unfair Competition Under New York Common Law)

36. Buffets restates and realleges paragraphs 1-35 of this Complaint.

37. Defendant's actions constitute trademark infringement and unfair competition in violation of Plaintiff's rights under the common law of the State of New York.

38. Defendant's unlawful acts have caused Buffets irreparable harm, and will continue to irreparably harm Buffets unless enjoined.

39. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Buffets. Defendant's unlawful actions have caused Buffets monetary damage in an amount presently unknown, but in an amount to be determined at trial.

### COUNT IV
(Deceptive Acts and Practices Under New York State Law)

40. Buffets restates and realleges paragraphs 1-39 of this Complaint.

41. Defendant's actions constitute deceptive acts and practices in violation of New York General Business Law §§ 349-50.

42. Defendant's unlawful acts have caused Buffets irreparable harm, and will continue to irreparably harm Buffets unless enjoined.

43. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Buffets. Defendant's unlawful actions have caused Buffets monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

44. Buffets demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Buffets, Inc., prays that the Court enter judgment:

1. In favor of Plaintiff and against Defendant on all of Plaintiff's claims;

2. Enjoining and restraining Defendant, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with Defendant, during the pendency of this action and thereafter permanently from:

   a. Using the mark OLD TOWN BUFFET and/or any confusingly similar designation alone or in combination with other words or designs, as a trademark, service mark, trade name component, title, Internet domain name, or otherwise, to market, advertise, or identify products and services, including without limitation using the designation OLD TOWN BUFFET in connection with restaurant services offered in New York and elsewhere;

   b. Doing any other act likely to induce the mistaken belief that Defendant or its services or commercial activities are in any way affiliated, connected, or associated with Buffets or its services;

  c. Using a name or mark confusingly similar to Plaintiff's OLD COUNTRY BUFFET and HOMETOWN BUFFET service marks or otherwise infringing Plaintiff's OLD COUNTRY BUFFET and HOMETOWN BUFFET service marks;

  d. Unfairly competing with Plaintiff in any manner whatsoever;

  e. Causing likelihood of confusion and injury to Plaintiff's business reputation;

  f. Committing any other act or making any other statement which infringes Plaintiff's service mark or constitutes an act of infringement or unfair competition under federal common law or the common law of the state of New York; and

3. Requiring Defendant to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, catalogs, and all other materials in the possession or control of Defendant that bear the OLD TOWN BUFFET mark or otherwise infringe Plaintiff's OLD COUNTRY BUFFET or HOMETOWN BUFFET marks;

4. Requiring Defendant to account for and pay over to Plaintiff the Defendant's profits and all damages sustained by Plaintiff;

5. Trebling the amount of damages awarded Plaintiff pursuant to 15 U.S.C. §§ 1114 and 1117 and New York General Business Law §§ 349(h), 350-e;

6. Awarding Plaintiff its attorneys' fees, costs and expenses pursuant to 15 U.S.C. §§ 1114 and 1117 and New York General Business Law §§ 349(h), 350-e; and

7. Awarding Plaintiff such other relief as the Court may deem just and proper.

                Respectfully submitted,

                FISH & RICHARDSON P.C.

Dated: August 13, 2007
    New York, New York      By: /s/ Raymond R. Castello

                Raymond R. Castello (RC 2106)
                Kristen McCallion (KM 5593)
                Citigroup Center
                52nd Floor
                153 East 53rd Street
                New York, NY 10022-4611
                Telephone: (212) 765-5070
                Facsimile: (212) 258-2291

                Of Counsel

                Joel D. Leviton
                Katherine A. Moerke
                60 South Sixth Street, Suite 3300
                Minneapolis, MN 55402
                Telephone: (612) 335-5070
                Facsimile: (612) 288-9696

                ATTORNEYS FOR PLAINTIFF
                BUFFETS, INC.

30359202.doc